IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEANNETTE STEVENS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 114-240 |
| SOUTHERN COMPANY; REBECKAH BARRINGER; SHEILA DOWD; and MICHAEL BYRD, | ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Because Plaintiff is proceeding *in forma pauperis*, her complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Court screened Plaintiff's original complaint and allowed Plaintiff an opportunity to amend to correct pleading deficiencies. (See doc. no. 5.) The amended complaint is now before the Court for screening, (doc. no. 10), and the Court recommends dismissal of all claims against all individual defendants, for the reasons stated below.

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Southern Company; (2) Rebeckah Barringer, Security Manager at Plant Vogtle; (3) Sheila Dowd, Corporate Medical Officer; and (4) Michael Byrd, Nurse at Plant Vogtle. (Id. at 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Prior to the summer of 2014, Plaintiff worked as a nuclear security officer for five years at Plant Vogtle. (Id. at 7, 15.) Her eight-year-old son passed away on April 13, 2013, and Plaintiff was absent from work for approximately one month thereafter. (Id. at 5.) Upon returning to work on May 19, 2013, Plaintiff informed Defendant Byrd she was ready to return to work, but Mr. Byrd sent her home after speaking with Defendant Dowd. (Id.) Although the timeline is not entirely clear, it appears Plaintiff did not return to work until early 2014. (Id.) Plaintiff's annual review for 2013 states, "She needs to fix her family issues and return to work." (Id.) Plaintiff began to cry upon receiving her review, Defendant Dowd came to the office, and Plaintiff was again sent home pending a recommendation from Defendant Dowd. (Id.)

Plaintiff returned to work again at some point, though she does not identify when, but on July 15, 2014, a security officer reported concern for Plaintiff's welfare because "she was crying and was concerned with her state of mind." (Id. at 7.) Plaintiff reportedly asked to go home because a visitor and his or her son had arrived at Plaintiff's duty station, and Plaintiff "couldn't take it anymore," although "she was trying to hold it together." (Id.) On July 16, 2014, Defendant Barringer told Plaintiff to report to the medical department for a urinalysis rather than reporting to her regular duty station, and upon taking the test, was told to go home until the results had been received. (Id. at 5.) On July 20, 2014, Plaintiff received instructions at home to submit a written statement about the events of July 15, 2014, and this statement was later used in the determination to remove Plaintiff from work. (Id.) Supervisors placed Plaintiff on paid administrative leave on July 16, 2014, and although she provided a doctor's statement on July 22, 2014 that she could return to work without limitations, she was not allowed to do so. (Id. at 18.)

After her placement on paid administrative leave on July 16, 2014, company officials also investigated the manner in which Plaintiff kept her timesheets, but she was cleared of any wrongdoing. (Id. at 16.) On September 18, 2014, Plaintiff filed a discrimination charge with the EEOC, alleging that no reason was given for her placement on paid administrative leave and that she was "regarded as having a disability, in violation of Title I of the Americans with Disabilities Act [ADA] of 1990, as amended." (Id. at 18.) The EEOC issued a Dismissal and Notice of Rights on September 28, 2014, making a finding that it could not conclude, based on available information, that a violation of the ADA had occurred. (Id. at 19.)

On October 20, 2014, the Medical Review Committee, after reviewing Plaintiff's current work restrictions and essential job functions, determined that Plaintiff could not perform all of the essential functions of a nuclear security officer, and recommended Plaintiff not be allowed to return to work. (Id. at 20.) The Organizational Vice-President and Medical & FFD Services Manager approved the recommendation. (Id.) As explained in the Committee recommendation, Plaintiff's restricted duty days and absences would not be allowed to exceed 180 days, and that time period expired on January 11, 2015. (Id.) The Committee encouraged Plaintiff to seek long term disability benefits and explained Plaintiff's options for an extended leave of absence if long term disability benefits were not awarded, including the possibility of retirement for medical benefits or termination. (Id.) Although disability benefits were not awarded, Defendant Southern Company continues to maintain Plaintiff is not fit for duty. (Id. at 11.)

Plaintiff seeks reinstatement to her job as a nuclear security officer, back pay to include raises and lost benefits, and compensatory and punitive damages.

## B. DISCUSSION

### 1. Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious,

3

or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not

mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against the Individual Persons Named as Defendants.

In a companion Order, the Court directs that service of process be effected on Plaintiff's employer, Southern Company, for alleged discrimination under the ADA. However, individual liability is not available. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) ("[T]he Disabilities Act does not provide for individual liability, only for employer liability.") Rather, the proper method is to sue the employer, either by naming the employer directly or a supervisory employee as an agent of the employer. Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995).[1] Moreover, when a plaintiff names both an employer and the individual supervisor, the supervisor may be dismissed from the action as redundant because any recovery will be obtained from the employer. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are similarly inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." (citations omitted)); see also Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp.2d 1260, 1267 (M.D. Ala. 2008) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action."); Clifton v. Georgia Merit Sys., 478 F. Supp.2d 1356, 1362 (N.D. Ga. 2007) (where employer was named as a defendant, plaintiff's ADA claims against individual defendants in their official capacity were dismissed as "redundant").

---

[1] Although Cross is a Title VII employment discrimination case, the Eleventh Circuit "applies the law developed in Title VII, ADEA [Age Discrimination in Employment Act], and ADA cases interchangeably." Rizo v. Alabama Dep't of Human Res., 228 F. App'x 832, 835 (11th Cir. 2007); see also Dearth v. Collins, 441 F.3d 931, 934 n.2 (11th Cir. 2006) (acknowledging "courts routinely apply arguments regarding individual liability" to Title VII, the ADA, and the ADEA).

5

Here, Plaintiff does not specify whether she seeks to proceed against Defendants Barringer, Dowd, and Byrd in their individual or official capacities. However, the ADA claims against these three Defendants should be dismissed in either scenario because they may not be sued in their individual capacities under the ADA, and they are subject to dismissal if sued in their official capacities because Plaintiff has named her employer as a Defendant. Nor does the Court discern any other basis for liability for these three Defendants other than alleged discrimination under the ADA. Plaintiff specifically states that "[t]he basis for my discriminat[ion] claim is Americans with Disabilities Act." (Doc. no. 10, p. 11.) Moreover, her EEOC Charge of Discrimination specifically identifies that she is alleging discrimination based on "being regarded as having a disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended." (Id. at 18.)

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Barringer, Dowd, and Byrd be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 10th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA